IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOAN FUSCO ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-1245-WEB |
| ) | |
| INSURANCE PLANNING CENTER, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion for Leave to File Amended Complaint, filed on January 23, 2006. (Doc. 8.) Defendant filed a response on February 20, 2006. (Doc. 14) After certain discovery was conducted, Plaintiff filed her reply on June 12, 2006. (Doc. 58.) After careful consideration of the submissions of the parties, including the authority cited therein and exhibits thereto, the Court is prepared to Rule on Plaintiff's motion.

**BACKGROUND**

Plaintiff filed her Complaint on July 29, 2005, alleging violations of the Equal Pay Act, 29 U.S.C. § 206(d), violations of the Kansas Wage Payment Act, K.S.A. § 44-312, *et seq.*, unlawful retaliation, and breach of contract. (Doc. 1.)

Plaintiff also seeks punitive damages and attorneys fees.  (*Id.*)  Defendant filed its Answer on August 26, 2005.[1]  (Doc. 3.)  The Court held a Scheduling Conference on November 7, 2005, resulting in a Scheduling Order with deadlines of June 1, 2006, to amend the pleadings and October 2, 2006, to complete discovery.  (Doc. 5.)

Plaintiff filed the present motion on January 23, 2006, seeking to amend her complaint to add a claim for gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.  (Doc. 8.)  Defendant responded on February 20, 2006, contending that it did not have "the requisite number of employees to be covered by Title VII," thus making Plaintiff's attempted amendment futile.  (Doc. 14 at 2.)  After conducting limited discovery (including the deposition of Roger Winfrey, Defendant's president/director/co-owner), Plaintiff replied on June 12, 2006, arguing that Defendant did have the requisite number of employees during the relevant time period.  (Doc. 58.)

---

[1] Also currently pending is Defendant's Motion to Amend Answer to Assert Counterclaims, filed on April 27, 2006, (Doc. 34), which will be addressed by a separate Order.

# DISCUSSION

**I.     Standards on Motions to Amend**.

Fed. R. Civ. P. 15(a) controls amended and supplemental pleadings. It provides that leave to amend "**shall be freely given** when justice so requires." *Id*. (Emphasis added.) The Supreme Court has declared that this is a "mandate," which "is to be heeded." ***Foman v. Davis***, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Id*.; *see also* ***Frank v. U.S. West, Inc.***, 3 F.3d 1357, 1365 (10th Cir. 1993). Even so, the grant or denial of a motion for leave to amend is within the discretion of the Court. *Id*.

As stated previously, Defendant argues that Plaintiff's motion should be denied as futile. According to Defendant, it was not an "employer" as that term is defined by Title VII because it did not have the requisite number of employees during the relevant time frame. Therefore, Defendant continues, Plaintiff's proposed amendment "could not withstand a motion to dismiss" and is futile. (Doc. 14 at 3 - 4.)

Title VII states in relevant part:

> It shall be unlawful employment practice for an **employer** . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex, or to limit, segregate, or classify his employees or applicants for employment in any way that would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's . . . sex . . .

42 U.S.C. § 2000e-2. (Emphasis added.) Courts are to be "mindful" of the "remedial purposes" of anti-discrimination laws and "liberally interpret their provisions to that end." ***Wheeler v. Hurdman***, 825 F.2d 257, 262 (10th Cir. 1987). This "liberal construction" applies to the interpretation of statutory definitions of terms such as "employer" and "employee." ***Trainor v. Apollo Metal Specialities, Inc.***, 318 F.3d 976, 983 (10th Cir. 2002).[2]

The term "employer" is defined by Title VII as a "person engaged in an industry affecting commerce who has fifteen or more employees for each working

---

[2] The Court in ***Trainor*** considered the issue of whether defendant had an employment relationship with the requisite number of employees as a question of subject matter jurisdiction. 318 F.3d at 978, n. 2. The Supreme Court has since concluded that the issue of "the threshold number of employees for application of Title VII is an element of plaintiff's claim for relief, not a jurisdictional issue. ***Asbaugh v. Y & H Corp.***, 546 U.S.__, __, 126 S.Ct. 1235, 1245, 163 L.Ed.2d 1097, __ (2006). The reasoning of ***Trainor*** as to how to apply the definition of an "employer" under Title VII, however, is unaffected by the decision in ***Asbaugh.***

4

day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b). The Court agrees with the Defendant that it must first "determine the relevant period of time, and determine who were 'employees' during the relevant period. Second, the Court must confirm that defendant had at least the minimum number of employees for the minimum number of weeks in each calendar year." (Doc. 14 at 5, *citing* **Edwards v. Esau Investments, Inc.**, NO. 93-4130-DES, 1994 WL 606073, at *1 (D. Kan. Oct. 31, 1994).) The Court also agrees that 2004 and 2005 are the applicable calendar years. This is, however, where the Court's agreement with Defendant's analysis ends.

According to the United States Supreme Court, "the ultimate touchstone" under Title VII is whether an employer has "employment relationships" with 15 or more employees for the requisite number of weeks during the relevant time period. **Walters v. Metropolitan Educ. Enterp., Inc**, 519 U.S. 202, 212, 117 S.Ct. 660, 666, 136 L.Ed.2d 644 (1997). Defendant argues that Plaintiff's proposed amendment would be futile because Defendant did not have the requisite number of employees for the requisite number of weeks during the relevant calendar years. According to Defendant, it had 14 employees for 48 calendar weeks during 2004, with 15 employees for only the four remaining weeks. For 2005, Defendant calculates that it had 13 employees for seventeen weeks and 14 employees for 18

weeks, leaving only 17 weeks of the calendar year in which it had 15 employees. (Doc. 14 at 6.)

As Plaintiff points out, Defendant has, for some undisclosed reason, failed to include as employees Roger and Darla Winfrey, Defendant's co-owners and directors. (*See* Doc. 14, Exh. 3, 4.) Although Defendant may have excluded these individuals in its list of employees, the evidence submitted to the Court proves that one or both of them should have been included in the calculation.[3]

The United States Supreme Court has held that "[t]here is nothing inherently inconsistent between the coexistence of a proprietary and an employment relationship." *Goldberg v. Whitaker House Co-op., Inc.*, 366 U.S. 28, 32, 81, S.Ct. 933, 6 L.Ed.2d 100 (1961). Courts faced with determining whether a director is also an employee generally review the following factors: "(1) whether the director has undertaken traditional employee duties; (2) whether the director was regularly employed by a separate entity; and (3) whether the director reported to

---

[3] Because Plaintiff has only provided evidence regarding Roger Winfrey's relationship to Defendant, the Court will restrict its analysis to him and will not discuss Darla Winfrey's relationship to Defendant. As Plaintiff correctly indicates, the inclusion of either Roger or Darla Winfrey as an employee during the relevant years would bring Defendant's total employees to 15 or more for the requisite number of calendar weeks during 2004 and 2005. In addition, while Defendant states in its response that it "does not agree that all of its part-time employees should be counted for purposes of determining Title VII coverage" (Doc. 14 at 6, n. 1), it makes no legal argument and cites no legal authority to justify excluding the part-time employees. The Court will therefore include the part-time employees.

someone higher in the hierarchy." ***Trainor***, 318 F.3d at 986 (citing ***EEOC v. Johnson & Higgins, Inc.***, 91 F.3d 1529, 1539 (2nd Cir. 1996)).

The evidence before the Court establishes the first two factors. Roger Winfrey testified that he performs traditional employee duties for Defendant, including supervising and managing employees, hiring/firing employees, developing relationships with other companies, and completing certain administrative tasks. (Doc. 58, Exh. 1, pg. 14:10-22.) He also testified that he typically spends five days a week at Defendant's office, with a normal work day from 7:30 a.m. to 6:00 p.m. (*Id.* at pg. 32:3-10.) Winfrey's typical workweek of more than 52 hours would infer that he is not regularly employed by a separate entity.

No evidence has been presented to the Court relevant to the final factor, whether Mr. Winfrey reported to a superior in Defendant's hierarchy. The Court surmises that because he is the company president, as well as a director and co-owner, there is no one above him in the company hierarchy. Even assuming *arguendo* that this is true, this factor is not dispositive when there is "undisputed evidence of his employment relationship with the company." ***Trainor***, 318 F.3d at 987.

In addition to the evidence discussed *supra*, the record further establishes

that Mr. Winfrey was an employee of Defendant.  He testified that he is issued a W-2 and paid a salary by Defendant, from which the company withholds payroll taxes, FICA, and Medicare.  (Doc. 58, Exh. 1, pg. 8:6-12.)  Defendant also provides various benefits to him, including life insurance, an automobile, an expense account, and vacation pay.  (*Id*. at pg. 8:13-9:7.)  Defendant has a life insurance policy for Mr. Winfrey as a "key employee."  (*Id*.)  Winfrey also is listed as an employee on Defendant's 2004 and 2005 Quarterly Wage Report and Unemployment Tax Returns.  (*Id*. at 23:11-19.)

These factors all unequivocally establish that Mr. Winfrey had an "employment relationship" with Defendant.  Thus, he should be counted as an employee of Defendant for Title VII purposes.  *See* **Walters**, 519 U.S. at 212, 117 S.Ct. at 666.  Including Mr. Winfrey in the calculation, Defendant would have had 15 or more employees during at least 20 calendar weeks in both 2004 and 2005.  Thus, Plaintiff's proposed amendment is not futile.  Plaintiff's Motion is, therefore, GRANTED.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint (Doc. 8) is **GRANTED**.  Plaintiff shall file her Amended Complaint in the form attached to her motion on or before **June 26, 2006**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 15th day of June, 2006.

                                                               s/ Donald W. Bostwick
                                              DONALD W. BOSTWICK
                                              United States Magistrate Judge