# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOAN FUSCO ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-1245-WEB-DWB |
| ) | |
| INSURANCE PLANNING CENTER, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendant's Notice of Intent to Issue Business Records Subpoenas (Doc. 66) on non-parties M & M Insurance Associates and John P. Hawkins. Plaintiff filed a timely objection to the subpoenas and a supporting brief. (Doc. 67), and Defendant filed a response. (Doc. 69).

At the pretrial conference on October 31, 2006, the court heard arguments from the parties concerning the subpoenas and issued its rulings. This Memorandum and Order will memorialize the court's oral rulings.

As to the subpoena directed to John P. Hawkins, the court finds that the documents requested by that subpoena are calculated to lead to the discovery of relevant evidence pertaining to Defendant's counterclaim in this case. Accordingly, the court overrules Plaintiff's objection to the subpoena, and

Defendant is authorized to issue and serve that subpoena forthwith. Nothing in the court's ruling, however, precludes Mr. Hawkins, a non-party, from seeking any applicable protection outlined in Fed.R.Civ.P. 45(c).

As to the subpoena directed to M & M Insurance Associates, the court has considered each category of documents requested by the subpoena as identified in Exhibit "A" to the subpoena and makes the following rulings:

    a.    Plaintiff has not specifically objected to the requests set out in paragraphs 1, 3, 4, 9 and 10, and those requests are calculated to lead to the discovery of admissible evidence and are therefore allowed;

    b.    The request set out in paragraph 2 for M & M's current employee handbook is overly broad, and shall be limited to the portions of the handbook which describe any employee benefits which Plaintiff, Joan Fusco, is receiving or has received while an employee of M & M;

    c.    The request set out in paragraph 5 for contracts between M & M and John P. Hawkins is calculated to lead to the discovery of admissible evidence and is allowed.

    d.    As to the requests set out in paragraph 6, 7, 8 and 11, these requests shall all be limited to the time period from April 30, 2005, to the date of service of the subpoena; as so limited, these requests are calculated to lead to the discovery of

admissible evidence and are allowed.

  d. Nothing in the court's ruling on the relevance of the requested documents, however, precludes M & M Insurance Associates, a non-party, from seeking any applicable protection outlined in Fed.R.Civ.P. 45(c).

  In the event there are objections from the non-parties from whom documents are requested, before filing any motion to compel pursuant to Fed.R.Civ.P. 45(c)(2)(B), or motion to quash or modify the subpoenas pursuant to Fed.R.Civ.P. 45(c)(3), counsel for the parties and counsel for the non-parties served with the subpoena shall meet and confer in an attempt to resolve any objections as required by D. Kan. Rule 37.2, and shall consider the necessity, if appropriate, of a protective order to protect a person or entity subject to or affected by the subpoenas and the terms of any such protective order.

  **IT IS THEREFORE ORDERED** that Plaintiff's objections (Doc. 67) to Defendant's Notice of Intent to Issue Business Records Subpoenas (Doc. 66) are DENIED IN PART and GRANTED IN PART as set forth in this Memorandum and Order for the reasons set out by the court during the pretrial conference.

  **IT IS FURTHER ORDERED** that Defendant may proceed to issue and serve the intended subpoenas, as modified by the provisions of this Memorandum

and Order, forthwith**.**

Dated at Wichita, Kansas on this 31st day of October, 2006.

                                                  s/ Donald W. Bostwick
                                          DONALD W. BOSTWICK
                                          United States Magistrate Judge